OPINION
{¶ 1} Defendant-appellant, D.S., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child and committing him to the Ohio Department of Youth Services ("DYS"). Appellant had pled "true" to two counts of rape and two counts of gross sexual imposition. We affirm the juvenile court's decision.
 {¶ 2} In August 2003, appellant, a juvenile, was charged with four counts of gross sexual imposition in violation of R.C.2907.05. At a hearing on August 22, 2003, appellant's counsel stated the following to the court:
 {¶ 3} "Your Honor, I was recently appointed to represent [D.S.]. I did talk to him for about an hour today. I've gone over those charges with him. I've talked to his grandmother and explained his constitutional trial rights in this matter. [D.S.] wants to proceed by entering a plea, but I think the charges are somewhat serious of a nature that I would like to hold off, look at some of the discovery, talk to the prosecutor to see if . . . and talk to probation prior to going forth."
 {¶ 4} The court subsequently informed appellant's counsel that the charges would fall under "Megan's Law," and could involve reporting requirements if appellant was convicted. Appellant's counsel indicated that he also wanted to review those issues before proceeding. At that time, appellant's counsel requested a continuance. The state did not object, though it indicated that it intended to amend the charges from gross sexual imposition to rape. The court then granted a continuance.
 {¶ 5} The state subsequently amended the charges from gross sexual imposition to rape. At a hearing in October 2003, appellant pled "true" to two counts of rape in violation of R.C.2907.02 and two counts of gross sexual imposition in violation of R.C. 2907.05, pursuant to a plea bargain. In November 2003, the court committed appellant to DYS for two years on each count of rape, those commitments to be served consecutively. The court committed appellant to DYS for six months on each gross sexual imposition count, those commitments to be served concurrently to each other and to the rape commitments.
 {¶ 6} Appellant now appeals, assigning one error as follows:
 {¶ 7} "[D.S.] Was denied the effective assistance of counsel as guaranteed by the sixth and fourteenth amendments to the united states constitution and section 16, article i of the ohio constitution."
 {¶ 8} Appellant argues that his counsel was ineffective because he did not honor appellant's wishes to plead "true" to the original charges at the August 22, 2003 hearing. Appellant argues that not pleading "true" to the original charges allowed the state to amend the charges and exposed him to a much greater penalty.
 {¶ 9} To establish a claim of ineffective assistance of counsel, appellant must show that his trial attorney's performance was both deficient and prejudicial. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. Appellant must show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. Appellant must further show that he was prejudiced by this deficient performance. formance. Id. at 687. Appellant demonstrates prejudice when, but for counsel's errors, a reasonable probability exists that the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, 143. A strong presumption exists that the licensed attorney is competent and that the challenged action falls within the wide range of professional assistance. Id. at 142, quoting Strickland, at 689.
 {¶ 10} We find that the actions of appellant's counsel did not fall below an objective standard of reasonableness. Appellant's counsel had recently been appointed to represent appellant, and had only met with appellant for one hour prior to the August 22, 2003 hearing. We do not find it unreasonable for appellant's counsel to request a continuance so that he could further investigate the charges and explore appellant's options. The state had told the court at the hearing that it intended to amend the charges. However, we do not find that appellant's counsel was therefore obligated to enter a plea of "true." To do so without further investigating the charges could have been detrimental to his client's interests.
 {¶ 11} Further, appellant's counsel admittedly was not aware of the precise consequences his client would subject himself to by pleading "true." Obtaining a continuance allowed appellant's counsel time to research the reporting requirements of Ohio sexual offender law, and inform appellant of the consequences he would face by pleading "true."
 {¶ 12} The decision whether to enter a plea is ultimately the client's decision. See State v. Tenace (1997),121 Ohio App.3d 702,710. However, an attorney first has a duty to provide the client with a meaningful explanation of the client's choices. See id. Appellant's counsel did not think that he could provide such an explanation without looking further into certain issues. After thoroughly reviewing the record in this case, we do not find the actions of appellant's counsel objectively unreasonable.
 {¶ 13} Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the juvenile court.
Walsh and Valen, JJ., concur.